UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Julianna Tekler,

    Plaintiff,

v.

State of Minnesota, Department of
Veterans Affairs,

    Defendant.

Case No. 17-cv-3336 (JNE/DTS)
ORDER

    Julianna Tekler brought this action against her employer, the Minnesota Department of Veterans Affairs ("MDVA"), alleging violations of Title VII of the Civil Rights Act and the Minnesota Human Rights Act. MDVA moved to dismiss all four counts in the Complaint. For the reasons discussed below, that motion is granted and this action is dismissed.

## BACKGROUND

    Tekler works for MDVA as a housecleaner. Compl. ¶ 7. She alleges that she was "subject to a hostile work environment due to her national origin." Compl. ¶ 8. She also alleges that she was "treated less favorably than her coworkers of different national origins." Compl. ¶ 9. Tekler further claims that she "has been disciplined by Defendant, when other coworkers of different national origins, who committed same or similar

actions were not disciplined or disciplined to lower level." Compl. ¶ 10. Tekler's complaint does not identify her national origin.

Tekler filed discrimination and retaliation charges with the Equal Employment Opportunity Commission ("EEOC"). Compl. ¶ 11. On October 3, 2016, the EEOC issued Tekler a right to sue letter. Compl. ¶ 13. Tekler alleges that she never received the letter. Compl. ¶ 13. On April 27, 2017, Tekler contacted the EEOC to inquire about her case. Compl. ¶ 14. The EEOC indicated that Tekler's first right to sue letter was returned as undeliverable, and a second right to sue letter was issued on April 27, 2017. Compl. ¶¶ 14-15. Tekler brought suit against MDVA on July 26, 2017.

## STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "does not need detailed factual allegations," but it must contain "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In short, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## DISCUSSION

Tekler alleges two violations of Title VII of the Civil Rights Act – one for national origin discrimination and the other for creating a hostile work environment. She also alleges two violations of the Minnesota Human Rights Act ("MHRA") on the same grounds. For the reasons outlined below, all four counts are dismissed.

### A. Title VII Claims

Tekler's Title VII claims do not survive the motion to dismiss for two reasons. First, they are time barred. Under 42 U.S.C. § 2000e-5(f)(1), a Title VII plaintiff has ninety days to file a complaint after a right to sue letter is issued. Tekler's initial right to sue letter was issued on October 3, 2016. Tekler did not bring suit until July 26, 2017 – well beyond the ninety-day window. Tekler argues that the ninety-day requirement should not apply to her because she changed addresses and did not receive the right to sue letter. Pl.'s Mem. Opp'n at 2. But Tekler had "the responsibility to provide the Commission with notice of any change in address and with notice of any prolonged absence from that current address." 29 C.F.R. § 1601.7. Furthermore, the doctrine of equitable tolling cannot rescue Tekler's late filing. Equitable tolling does not apply in cases where a claimant could have – but did not – inform the EEOC of his or her new address. *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989); s*ee also Pecoraro v. Diocese of Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006) (equitable tolling is reserved for situations "where a party acts diligently, only to find himself caught up in an arcane procedural snare." (internal citations omitted)).

Second, even if Tekler's Title VII claims were not time barred, they would still be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). While it is true that Tekler need not make a prima facie case of discrimination or retaliation in order to survive a motion to dismiss, *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002), she must still do more than make "the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. As *Twombly* makes clear, a complaint will not suffice if it makes "naked assertion[s]" that are devoid of "further factual enhancement." 550 U.S. at 557. Here, Tekler alleges that she was "treated less favorably" and disciplined differently than others who did not share her national origin. Compl. ¶¶ 9-10. She provides no additional information – only "threadbare recitals" of the elements. *Iqbal*, 556 U.S. at 678. As such, she has not stated a plausible claim for relief as required by Fed. R. Civ. P. 12(b)(6), and her Title VII claims cannot survive Defendant's motion to dismiss.

### B. MHRA Claims

Tekler's MHRA claims are dismissed because the Eleventh Amendment bars federal court jurisdiction over state law claims against nonconsenting state agencies. *Cooper v. St. Cloud State Univ.*, 226 F.3d 964, 968 (8th Cir. 2000). This immunity from suit "applies with equal force to pendent state law claims," such as those made by Tekler. *Id.* MDVA would only relinquish that immunity if the State had unequivocally waived it. *Id.* at 969. Here there is no suggestion that the State either expressly or implicitly waived its Eleventh Amendment immunity. Accordingly, Tekler's MHRA's claims are constitutionally barred and must be dismissed.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's Motion to Dismiss [ECF No. 4] is GRANTED.

2. This action is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 8, 2018                    **s/ Joan N. Ericksen**
                                          JOAN N. ERICKSEN
                                          United States District Judge